UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, United States Department of Labor, Plaintiff, | * | |
| v. | * | CIVIL ACTION FILE NO. CA 07 074S |
| UNITED MORTGAGE COMPANY and RICHARD J. COLARADO, SR., INDIVIDUALLY and RAYMOND J. DePATRILLO, INDIVIDUALLY, Defendants. | * | |

## COMPLAINT

Plaintiff, brings this action to enjoin the Defendants from violating the provisions of Section 15 (a)(2) of the Fair Labor Standards Act of 1938 as amended, (52 Stat. 1060, 29 U.S.C. 201), hereinafter called "the Act" and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a) (2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act and by 28 U.S.C. Sec. 1345.

II.

Defendant UNITED MORTGAGE COMPANY is, and at all times hereinafter mentioned, was a corporation having an office and place of business at 1480 Atwood Avenue, Johnstown, Rhode Island within the jurisdiction of this Court, and is now, and at all times

hereinafter mentioned was, engaged at that place of business, and elsewhere, in the brokering of loans and mortgages on real estate.

III

Defendant RICHARD J. COLARADO, SR., resides within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was President and Director of United Mortgage Company, and as such actively manages, supervises and directs the day to day business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was and is therefore, an employer of said employees within the meaning of the Act.

IV.

Defendant RAYMOND J. DePATRILLO, resides within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was General Manager of United Mortgage Company, and as such actively manages, supervises and directs the day to day business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was and is therefore, an employer of said employees within the meaning of the Act.

V.

Defendants are, and at all times herinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business, and they are, and at all times hereinafter mentioned were an enterprise within the meaning of Section 3( r ) of the Act.

VI

At all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VII.

Defendants have repeatedly violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act by paying employees wages at rates less than the applicable minimum wage.

VIII.

Defendants have repeatedly violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

IX.

Defendants have repeatedly violated and are willfully violating the provisions of Sections 11( c ) and 15(a)(5) of the Act in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in

29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

X.

During the period from November 8, 2003 through July 2, 2005, Defendants have repeatedly violated and are violating the aforesaid provisions of the Act as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees and those persons in active concert or participation with them, or acting in their interest and behalf, from violating Sections 15(a)(2) and 15(a)(5) of the Act and for such other and further relief as may be necessary or appropriate , including the restraint of any withholding of compensation found by the Court to be under the Act to employees, together with interest thereon from the date such back wages became due until the date back wages are finally paid, and costs.

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Paul J. Katz
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142